Honorable Joe Resweber Harris County Attorney Houston, Texas 77002
Re: Authority of county treasurer with respect to payment of jurors.
Dear Mr. Resweber:
You have requested our opinion on the legality of a procedure adopted by the Harris County Commissioners Court for payment of jurors by the district clerk. This procedure requires the establishment of a District Clerk's Special Juror Account Fund by the transfer of money from the Harris County Jury Fund. Checks from the Special Juror Account Fund are to be signed only by the district clerk or his deputy. The county treasurer is to make weekly payments out of the Jury Fund to the District Clerk's Special Juror Account Fund, but has no other responsibility for paying jurors under the contemplated procedure. You ask the following questions:
 1. May the District Clerk, rather than the Treasurer, open the Special Account?
 2. Do the statutes require the signature of the Treasurer on jury checks?
3. Must the Treasurer make delivery of all checks to jurors?
Article 2122, V.T.C.S., provides in pertinent part:
 (a) . . . The commissioners court of each county shall determine annually, within the minimum and maximum prescribed in this subsection, the amount of per diem for jurors, which shall be paid out of the jury fund of the county.
 (b) A check drawn on the jury fund by the clerk of the district court of a county may be transferred by endorsement and delivery and is receivable at par from the holder for all county taxes.
(Emphasis added). Article 2122 provides for payment of jurors by check drawn by the district clerk on the jury fund. Attorney General Opinions H-590 (1975) and M-657 (1970). We believe that article 2122 requires payment of jurors from the statutorily authorized jury fund and not from a special fund entrusted to the district clerk. Although the commissioners court may under some circumstances establish special funds and make payments from them in exercise of its granted powers, see Attorney General Opinions H-590 (1975) and M-774 (1971), we do not believe it may do so when a statute directs payment from a particular fund. We note that article 1709 provides in part:
 The County Treasurer, as chief custodian of county finance, shall receive all moneys belonging to the county . . . and pay and apply or disburse the same, in such manner as the Commissioner Court may require or direct, not inconsistent with constituted law.
(Emphasis added). We believe the establishment of a Special Juror Account Fund under the control of the district clerk is inconsistent with the statutes, and accordingly we answer your first question in the negative.
The provisions bearing on the duties of the county treasurer are gathered together in article 1709a. Attorney General Opinion H-171 (1973). An examination of this statute discloses the proper method for payment of jurors:
 Sec. 4. . . . the County Treasurer in each county shall disburse all moneys belonging to the county, for whatever purpose they may be claimed, and shall pay and apply the same as required by law. No moneys shall be expended or withdrawn from the county treasury except by checks or warrants drawn on the county treasury . . . .
. . . .
 (d) Warrants: It shall be the duty of the County Treasurer, upon presentation to him of any warrant, check, voucher, or order drawn by the proper authority, if there be funds sufficient for payment thereof on deposit in the account against which such warrant is drawn, to endorse upon the face of such instrument his order to pay same to payee named therein and to charge the same on his books to the fund upon which it is drawn as provided in Article 2554. . . .
. . . .
 (f) In each county having an auditor, the County Treasurer and the depository shall make no payment unless the such warrant is countersigned by the auditor. . . .
 (g) The only exception to the auditors' countersigning is that of warrants for jury service. . . .
(Emphasis added). Attorney General Opinion M-657 (1970) concluded that under these provisions, the county treasurer is the proper official to deliver jury checks to the payee. In Attorney General Opinion H-590 (1975) we approved the holding of M-657 and also concluded that the treasurer must endorse checks drawn upon the jury fund before they could be paid. The language of article 1709a, sections 4(d), (f) and (g) is especially noteworthy, since it specifically includes warrants for jury service among the warrants to be signed by the treasurer. We believe that Attorney General Opinions M-657 and H-590 were correctly decided and require that we answer your second and third questions in the affirmative.
 SUMMARY
Harris County must pay jurors from its jury fund, and not from a separate fund entrusted to the district clerk. The county treasurer must sign jury checks, and he is the proper person to deliver checks to jurors.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee